PYRAMID PRODUCTS, INC., demandante y apelada, *v.* SATURNINO RODRÍGUEZ, demandado y apelante

No. 4968.—*Sometido:* Febrero 5, 1930. *Resuelto:* Marzo 6, 1930.

*E. Báez García,* abogado del apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez dictó sentencia desestimando la apelación interpuesta contra sentencia de la Corte Municipal de Mayagüez. La desestimación se basó en la teoría de que cuando el caso llegó a la corte de distrito la parte apelante dejó de solicitar allí que su caso fuese incluído en calendario o en la primera lectura. La lectura fué efectuada sin haber sido incluído dicho caso.

El apelante sostiene ante este tribunal que cuando el caso llegó a la corte de distrito él pagó el sello exigido por la ley, y que entonces el secretario tenía el deber de incluir el caso

en calendario; que de acuerdo con la ley uno de los fines expresos del sello es la inclusión del caso en calendario.

El sello se paga por el derecho de que el caso sea incluído. Como en muchas otras cuestiones, el secretario no tiene obligación alguna de tomar ninguna parte activa hasta tanto una parte la solicite. La fijación del sello no equivalía, como sostiene el apelante, a la inclusión del caso en calendario, sino que sólo perfeccionaba el derecho a solicitar esa inclusión.

*Debe confirmarse la sentencia recurrida.*